IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CARLOS EDUARDO CARRILLO-GUDIEL, | § § § | |
| Petitioner/Plaintiff, | § § | Case No. 3:25-cv-01396-K-BT |
| v. | § § | |
| PAM BONDI, *et al.*, | § § | |
| Respondents/Defendants. | § | |

**ORDER**

Before the Court is the Emergency Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 3) received on June 3, 2025. Based on the relevant filings and applicable law, the Court **DISMISSES** the petition without prejudice as moot.

**I. BACKGROUND**

Carlos Eduardo Carrillo-Gudiel, an alien detained in the Limestone County Detention Center ("LCDC") in Groesbeck, Texas, filed a habeas corpus petition under 28 U.S.C. § 2241 claiming that his prolonged detention by United States Immigration and Customs Enforcement ("ICE") violated 8 U.S.C. § 1231(a)(6), his due process rights under the Fifth Amendment, 8 U.S.C. 1226(c), his right to counsel, the Double Jeopardy Clause of the Fifth Amendment, and the Eighth Amendment's

prohibition of excessive bail, excessive fines, and cruel and unusual punishment. *See* Pet. at ¶¶ 37–61. He seeks an order requiring, among other things, his "immediate[] release" from ICE custody and a stay of his removal. *Id.* at 28.

On July 9, 2025, Respondents filed their Response to the pending Petition. *See* Resp. (ECF No. 9). Respondents seek dismissal of the petition as moot based on Petitioner's removal from the United States on June 10, 2025. *Id.* at 1–2. Indeed, ICE's Online Detainee Locator System shows that Petitioner is no longer in ICE Custody. *See* ICE, Online Detainee Locator System, https://locator.ice.gov/odls/#/search.

## II. MOOTNESS

"Article III of the Constitution limits ... federal-court jurisdiction[ ] to 'Cases' and 'Controversies.' " *United States Parole Comm'n v. Geraghty,* 445 U.S. 388, 395 (1980). A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Id.* at 396 (quoting *Powell v. McCormack,* 395 U.S. 486, 496 (1969)).

> This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate .... The parties must continue to have a 'personal stake in the outcome' of the lawsuit. This means that, throughout the litigation, the plaintiff "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision."

*Spencer v. Kemna,* 523 U.S. 1, 7 (1998) (internal citations and quotation marks omitted).

Here, Petitioner claimed that his detention by ICE violated various statutes and constitutional provisions. *See* Pet. at ¶¶ 37–58. In *Zadvydas v. Davis*, 533 U.S. 678 (2001), the Supreme Court held that detention of an alien subject to a final order of removal is limited to a period reasonably necessary to bring about his removal from the United States, which is presumably six months, and that he must thereafter be released if "there is no significant likelihood of removal in the reasonably foreseeable future." *Id.* at 701. Each of Petitioner's claims, in effect, challenged the lawfulness of his prolonged detention and sought release from custody. *See* Pet. at 37–61. He did not otherwise attack the basis for his removal or the removal order itself. *See id.*

Because Petitioner is no longer detained and has been removed from the United States, Petitioner's claims challenging his prolonged detention are moot. *See Francis v. Lynch*, 622 F. App'x 455, 455–56 (5th Cir. 2015) (holding that the petitioner's challenge to length of detention awaiting removal became moot when he was removed from the United States); *see also Akinrinola v. Grimes*, No. 6:24-CV-1030, 2025 WL 1144672, at *1 (W.D. La. Mar. 21, 2025), *rec. adopted*, No. 6:24-CV-1030, 2025 WL 1144669 (W.D. La. Apr. 17, 2025) (dismissing § 2241 habeas petition as moot where ICE's Online Detainee Locator System showed that the petitioner was no longer in ICE custody).

## III. CONCLUSION

Accordingly, the Court **DISMISSES** the Emergency Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241, received on June 3, 2025 (ECF No. 3), without prejudice as moot.

SO ORDERED.

Signed July 14th, 2025.

*Ed Kinkeade*
ED KINKEADE
UNITED STATES DISTRICT JUDGE